Filed 5/7/26  P. v. Zambrano CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDRES ZAMBRANO,<br><br>    Defendant and Appellant. | B348368<br><br>(Los Angeles County Super. Ct. No. XSCTA142771) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

On July 22, 2022, the Los Angeles County District Attorney charged defendant Andres Zambrano by amended information with first degree murder. (Pen. Code[1], § 187, subd. (a).) The amended information further alleged that defendant personally used a firearm in the commission of the felony (§ 12022.5, subd. (a)), and that defendant had a prior "strike" conviction pursuant to the Three Strikes law (§§ 667, subds. (b)–(j), 1170.12).

On July 27, 2022, defendant, who appeared with counsel, pleaded no contest to first degree murder. At sentencing, the District Attorney, pursuant to the terms of the plea agreement, moved to strike and dismiss all remaining allegations, including the personal use of a firearm enhancement and the prior strike. The trial court granted the motion and sentenced defendant to 25 years to life.

On October 17, 2024, defendant filed a section 1172.6 petition. Among other things, defendant declared that he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019.

On August 7, 2025, the trial court summarily denied the section 1172.6 petition because defendant had been convicted after January 1, 2019. Defendant timely appealed.

On January 20, 2026, defendant's appointed appellate counsel filed an opening brief in which she did not identify any arguable issues and requested that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.

On March 17, 2026, following an extension of time, defendant submitted a one-page supplemental brief. Defendant contends the District Attorney did not prove that he acted with

---

[1] Further statutory references are to the Penal Code.

malice and that malice was imputed to him based "solely" on his participation in a crime.

We reject defendant's contention. Defendant was convicted of first degree murder on July 27, 2022, well after the changes to sections 188 and 189 became effective on January 1, 2019. (See *People v. Reyes* (2023) 97 Cal.App.5th 292, 296 [§ 1172.6 "does not apply to defendants who—like appellant in this case—were convicted under the current law"].) "[Defendant] was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his … plea in [2022] with the advice and consent of legal counsel. When [defendant] entered his … plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437." (*Id.* at p. 298.) The trial court did not err by summarily denying defendant's resentencing petition.

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

4